HALLECK C. YOUNG ET AL., APPELLEES, v. JOHN R. BENNETT ET AL., APPELLANTS.

FILED NOVEMBER 16, 1918. No. 20141.

Highways: ASSESSMENT: JUDGMENT: CONCLUSIVENESS. Defendant board of county commissioners made a special paving assessment against real estate. In an action brought by the property owner the court entered a decree declaring void the levy and ordered the tax canceled upon the tax records. Subsequently defendant board undertook to make a reassessment against the property. Plaintiffs filed a petition, alleging the former assessment, the entry of the judgment in the former suit, and alleged that the judgment was still in full force and effect, and that the board was without authority to make a reassessment. *Held*, that the petition was not demurrable.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Frank A. Peterson*, for appellants.

*Field, Ricketts & Ricketts*, contra.

MORRISSEY, C. J.

Plaintiffs brought this action to enjoin the board of county commissioners of Lancaster county from levy-

ing a special assessment against real estate owned by them, adjoining the city of Lincoln. From an order of the district court overruling a demurrer to plaintiffs' petition, defendants appeal.

In substance the allegations of the petition are: That plaintiffs are the owners of certain described premises; that in 1912 defendants caused the roadway along these premises to be paved; that later they levied a special assessment against this land, under the provisions of chapter 25, Laws 1911, to cover a portion of the cost of such improvement; that this special assessment was subsequently declared void, and the tax "was ordered canceled upon the tax records," upon action brought by plaintiffs; "that said judgment and decree of the district court * * * is still in full force and effect, and is not appealed from;" that the attempted reassessment is illegal, and, if carried out, will cast a cloud upon plaintiffs' title.

In their brief on appeal, defendants contend that this petition fails to state a cause of action, against a demurrer, "for the reason that the plea of prior adjudication in said petition is not sufficiently alleged," and, further, that the petition is without equity, "for the reason that the plaintiffs make no offer to pay for the benefits accruing to plaintiffs' property by reason of the grading and paving done on the street abutting the same."

Is the petition demurrable? Plaintiffs' purpose was merely to show that a prior assessment had been levied and declared void, and for this the decree in question was sufficiently pleaded. The position of plaintiffs is that, once a special assessment has been levied, the power of imposing such tax is exhausted, and, in the absence of express legislative authority, no right of reassessment exists. This view seems to be correct when the assessment, as in this case, has been adjudged absolutely void.

The claim that the petition is without equity, because no tender of the amount fairly due for the improvement was made, is not triable in this action. That question ought to have been presented in the former action, and presumably it was.

The demurrer was properly overruled, and the judgment is

AFFIRMED.

CORNISH, J., not sitting.